UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SERGEY KRYUCHKOV,

                           Plaintiff,                                **COMPLAINT**
                                                                     **JURY TRIAL DEMANDED**
-against-

VANTRUCKMOVE, INC. d/b/a GO TO MOVING
AND STORAGE, Pawel Lenkiewicz,
in his individual capacity, Josef Lenkiewicz,
in his individual capacity, and Mariola Lenkiewicz,
in her individual capacity,

                           Defendants.
-----------------------------------------------------------------x

　　　　Plaintiff, SERGEY KRYUCHKOV, (hereinafter "Plaintiff") though his counsel, SLATER

SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendants,

upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1. Plaintiff brings this action to seek redress for Defendants' failure to pay Plaintiff his full
   overtime wages, failure to pay spread of hours wages, and failure to provide proper wage
   payment statements in violations of the Fair Labor Standards Act ("FLSA") and New
   York Labor Law ("NYLL").

<u>**JURISDICTION AND VENUE**</u>

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331
   and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law
   pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of
   the actions or omissions giving rise to the claims for relief, occurred within the Eastern
   District of New York.

**PARTIES**

5. Sergey Kryuchkov (hereinafter "Kryuchkov") is an individual male who resides in Staten
   Island, New York.

6. Defendant VanTruckMove, Inc d/b/a/ Go To Moving and Storage (hereinafter "Defendant" and "Defendants") was and still is a duly authorized domestic business corporation doing business in the State of New York.

7. Defendant VanTruckMove, Inc d/b/a/ Go To Moving and Storage (hereinafter "Go To Moving and Storage") operates a moving and storage business in Staten Island, New York.

8. Upon information and belief, Defendant Go To Moving and Storage solicits business within the State of New York.

9. Upon information and belief, Defendant employer derives substantial revenues from goods used or consumed or services rendered in the State of New York.

10. Defendant Pawel Lenkiewicz (hereinafter "Defendant" and "Defendants") is an individual male.

11. Upon information and belief, Defendant Pawel Lenkiewicz ("Pawel") was and is the President of Defendant Go To Moving and Storage.

12. Upon information and belief, Defendant Pawel was and is the supervisor at Defendant employer.

13. Upon information and belief, Defendant Pawel had authority regarding Plaintiff's day to day work experience and could make decisions regarding the terms and conditions of Plaintiff's employment.

14. Defendant Josef Lenkiewicz (hereinafter "Defendant" and "Defendants") is an individual male.

15. Upon information and belief, Defendant Josef Lenkiewicz ("Josef") was and is the Vice President of Defendant Go To Moving and Storage.

16. Upon information and belief, Defendant Josef was and is the supervisor at Defendant employer.

17. Upon information and belief, Defendant Josef had authority regarding Plaintiff's day to day work experience and could make decisions regarding the terms and conditions of Plaintiff's employment.

18. Defendant Mariola Lenkiewicz (hereinafter "Defendant" and "Defendants") is an individual female.

19. Upon information and belief, Defendant Mariola Lenkiewicz ("Mariola") was and is the supervisor at Defendant employer.

20. Upon information and belief, Defendant Mariola had authority regarding Plaintiff's day to day work experience and could make decisions regarding the terms and conditions of Plaintiff's employment.

21. Defendants are covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*, and the NYLL and at all relevant times, employed Plaintiff.

22. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

## FACTS

23. Defendants hired Plaintiff on or about July 2016.

24. Defendants first hired Plaintiff as a helper.

25. As a helper, Plaintiff's duties included packing the trucks, unloading the trucks at the job site, moving the contents of the truck to their requested locations, and building furniture.

26. Two years after Plaintiff was first hired, on or about July 2018, Defendants promoted Plaintiff to a foreman.

27. As a foreman, Plaintiff's duties included packing the trucks, unloading the trucks at the job site, moving the contents of the truck to their requested locations, building furniture, facilitating and managing the jobs, making sure nothing was stolen from the trucks, and managing the helpers.

28. Plaintiff worked six (6) days a week.

29. Plaintiff's daily schedule was 9:00am to 5:00pm.

30. Plaintiff, however, sometimes worked outside of the above stated hours.

31. Plaintiff worked a minimum of forty (40) hours a week and sometimes, upwards of sixty (60) hours a week.

32. Defendant employer did not have a method documenting Plaintiff's hours worked.

33. As a helper, Defendant employer paid Plaintiff ten dollars ($10.00) per hour for every hour worked despite working more than forty (40) hours per week.

34. As a foreman, Defendant employer paid Plaintiff nineteen dollars ($19.00) per hour for every hour worked despite working more than forty (40) hours per week.

35. Defendant employer sometimes paid Plaintiff by cash and sometimes by check depending on the method of payment by the client for the job.

36. For example, if the client paid by cash, then Defendant employer paid Plaintiff by cash. If the client paid by check, then Defendant employer paid Plaintiff by check.

37. Before and after each job, Plaintiff was required to go to Defendant employer's warehouse.

38. Plaintiff was not paid for the time traveled from the warehouse to the job site.

39. Plaintiff was also not paid for the time traveled from the job site back to the warehouse.

40. Defendant employer only paid Plaintiff for the time he spent at the job site.

41. For example, Plaintiff was often required to drive fourteen (14) hours to and from a job site in Miami, Florida.

42. While Plaintiff was paid for the travel time to Miami, Defendants refused to pay Plaintiff for the fourteen (14) hour trip back because the truck was empty.

43. Plaintiff asked to be paid for the return trip from Miami, but Defendant refused and said that if he did not like it, he could leave.

44. Plaintiff was often not paid for the travel time from the warehouse to the job site and from the job site back to the warehouse.

45. Sometimes, Defendant employer's helpers showed up to work drunk or high.

46. Plaintiff noticed this and became concerned because, as a foreman, Plaintiff knew he was responsible and liable for the jobs.

47. On or about July 2019, Plaintiff told Defendants Josef and Pawel and that he did not want to work with the helpers who were showing up drunk or high.

48. Defendants Josef and Pawel ignored Plaintiff's concerns and request.

49. The day after Plaintiff spoke with Defendants Josef and Pawel, Plaintiff showed up to work and saw that the helpers who Plaintiff complained about were assigned to work with Plaintiff.

50. Frustrated, Plaintiff requested to take the remainder of the day off and Defendant Pawel agreed.

51. Defendants never called Plaintiff to come in for work again.

52. At all relevant times, Defendants were responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for Plaintiff at Defendant employer.

53. Plaintiff was paid at the foregoing regular hourly rates throughout his employment irrespective of the number of hours he worked per week and was not paid at one and one-half times his regular hourly rate for any of his overtime hours worked in excess of forty (40) hours per week.

54. Defendants committed the wage and hour violations asserted herein throughout Plaintiff's employment.

55. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

56. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's regulations promulgated under the FLSA and NYLL.

57. Plaintiff was entitled to be paid at least one and one-half of Plaintiff's regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to FLSA § 207.

58. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

59. Throughout Plaintiff's employment, Plaintiff was not paid one and one-half times Plaintiff's regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) hours per workweek, in violation of the FLSA and NYLL.

60. At all relevant times, Plaintiff was paid the hourly rates irrespective of the number of hours worked Plaintiff worked per week and was not paid the required spread of hours wages of one additional hour at the minimum wage rate for workdays in excess of ten (10) hours.

61. At all relevant times, Plaintiff was entitled to wage statements indicating his regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, the address and phone number of his employer; and the itemized allowances and deductions.

62. At no time during his employment was Plaintiff provided with proper wage statements.

63. The aforementioned conduct has damaged Plaintiff.

64. Defendant has a pattern and practice of committing overtime and wage violations.

## AS FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

65. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66. At all relevant times, Plaintiff was an employee of the Defendant within the meaning of 29 U.S.C. § 203(e).

67. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

68. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

69. At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

70. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the FLSA.

71. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

72. Defendant expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout their employment.

73. At no time have the Defendants paid Plaintiff a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

74. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

75. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

76. As Defendants did not have a good faith basis to believe that their failure to pay overtimes wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

77. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

78. At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

79. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

80. Pursuant to N.Y. Lab Law § 650 et seq. and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

81. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

82. At no time have the Defendants paid Plaintiff a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

83. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

84. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

85. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS FOR THE THIRD CAUSE OF ACTION
*(Spread of Hours Violations under the NYLL)*

86. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

7

87. At all relevant times Defendants were subject to the spread of hours requirements set forth in Article 19 of the NYLL.

88. Pursuant to NYLL §§ 190, et seq., and 650, et seq., and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid spread of hours wages of one additional hour at the minimum wage rate for every workday that the employee works in excess of ten (10) hours or multiple shifts in excess of ten (10) hours.

89. At all relevant times, Plaintiff was required to work in excess of ten (10) hours in a workday.

90. Plaintiff is entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours in a workday or multiple shifts in excess of a ten hour period pursuant to the NYLL §§ 190, et seq., and 650, et seq., and 12 NYCRR § 142-2.4.

91. Defendants failed to pay Plaintiff the spread of hour wages to which Plaintiff was entitled under NYLL.

92. Defendants' failure to pay Plaintiff lawfully due spread of hour wages was a willful violation of NYLL §§ 190, et seq., and 650, et seq., and 12 NYCRR § 142-2.4.

93. Pursuant to NYLL § 198, Plaintiff is entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorneys' fees, and costs and disbursements of this action.

## AS FOR THE FOURTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

94. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

95. At all relevant times, Defendants failed to provide Plaintiff with the proper wage statements with every payment of wages as required by NYLL § 195(1).

96. As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00 along with all reasonable attorneys fees and costs.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

8

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
      April 7, 2021

                       Respectfully submitted,

                       SLATER SLATER SCHULMAN LLP

                       *John C. Luke, Jr.*

                       John C. Luke, Jr., Esq.
                       *Attorneys for Plaintiff*
                       445 Broad Hollow Road, Suite 419
                       Melville, New York 11747
                       (631) 420-9300

## **DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.